The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| METH LAB CLEANUP, LLC, an Idaho limited liability company, | Case No. 2:14-cv-01259-RAJ |
| Plaintiff, | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT BIO CLEAN, INC.** |
| v. | |
| BIO CLEAN, INC., a Washington Corporation, and THERESA BORST, an individual, | **JURY DEMAND** |
| Defendants. | |

BIO CLEAN, INC., a Washington corporation,

        Counterclaim Plaintiff,

v.

METH LAB CLEANUP LLC, an Idaho limited liability company,

        Counterclaim Defendant.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS - 1
2:14-cv-01259-RAJ

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Defendants Bio Clean, Inc. hereby answers the Complaint for Injunctive Relief, Damages (Dkt. 1) of Plaintiff Meth Lab Cleanup LLC (MLCC) and asserts affirmative defenses as follows:

## I. Answer

1.      Paragraph 1 of the Complaint makes no specific allegations that require a response.

2.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that basis deny them.

3.      This Defendant admits the allegations in paragraph 3 of the Complaint.

4.      This Defendant admits the allegations in paragraph 4 of the Complaint.

5.      This Defendant admits this Court has personal jurisdiction over Defendants as alleged in paragraph 5 of the Complaint.

6.      This Defendant admits that venue is proper in this District as alleged in paragraph 6 of the Complaint.

7.      This Defendant admits that this Court has subject matter jurisdiction as alleged in paragraph 7 of the Complaint.

## Factual Allegations Common to All Counts

8.      This Defendant denies the allegations in paragraph 8 of the Complaint.

9.      This Defendant denies the allegations in paragraph 9 of the Complaint.

10.      This Defendant denies the allegations in paragraph 10 of the Complaint.

11.      This Defendant denies the allegations in paragraph 11 of the Complaint.

12.      This Defendant admits that MLCC currently holds several trademark registrations with the registration numbers stated. However, all such registrations were procured by fraud, and the phrase "meth lab cleanup" is not capable of being trademarked in the manner attempted and alleged by MLCC as the phrase is generic for MLCC's services, or a portion thereof, and therefore incapable of supporting said registrations.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 2
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

13. This Defendant denies the allegations in paragraph 13 of the Complaint.

14. This Defendant denies the allegations in paragraph 14 of the Complaint.

15. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and on that basis denies them.

16. This Defendant denies the allegations in paragraph 16 of the Complaint.

17. This Defendant denies the allegations in paragraph 17 of the Complaint.

18. This Defendant denies the allegations in paragraph 18 of the Complaint.

19. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and on that basis denies them.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and on that basis denies them.

21. This Defendant denies the allegations in paragraph 21 of the Complaint.

22. This Defendant denies the allegations in paragraph 22 of the Complaint.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and on that basis denies them.

24. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and on that basis denies them.

25. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and on that basis denies them.

26. This Defendant denies the allegations in paragraph 26 of the Complaint.

27. This Defendant admits the allegations in paragraph 27 of the Complaint.

28. This Defendant admits the allegations in paragraph 28 of the Complaint.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 3
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1    29.    This Defendant admits the allegations in paragraph 29 of the Complaint.

2    30.    This Defendant denies the allegations in paragraph 30 of the Complaint.

3    31.    This Defendant denies the allegations in paragraph 31 of the Complaint.

4    32.    This Defendant admits the allegations in paragraph 32 of the Complaint.

5    33.    This Defendant admits only that MLCC currently holds several trademark

6  registrations with the registration numbers stated. However, all such registrations were

7  procured by fraud, and the phrase "meth lab cleanup" is not capable of being

8  trademarked in the manner attempted and alleged by the MLCC as the phrase is generic

9  for MLCC's services, or a portion thereof, and therefore incapable of supporting said

10  registrations.

11    34.    This Defendant denies the allegations in paragraph 34 of the Complaint and

12  note that the phrase "meth lab cleanup" has been used by Bio Clean and many others in

13  the industry for many years as a generic term for the services offered, or a portion thereof.

14    35.    This Defendant admits that MLCC currently holds several trademark

15  registrations with the registration numbers stated. However, all such registrations were

16  procured by fraud, and the phrase "meth lab cleanup" is not capable of being

17  trademarked in the manner attempted and alleged by MLCC as the phrase is generic for

18  MLCC's services, or a portion thereof, and therefore incapable of supporting said

19  registrations.

20    36.    This Defendant denies the allegations in paragraph 36 of the Complaint.

21    37.    This Defendant admits the allegations in paragraph 37 of the Complaint,

22  and further note that no authorization by MLCC was needed.

23    38.    This Defendant denies the allegations in paragraph 38 of the Complaint.

24    39.    In reference to the allegation in paragraph 39 of the Complaint, this

25  Defendant admits only that the letter marked as Exhibit E was sent, but denies the

26  remainder of the allegations in paragraph 39 of the Complaint, particularly to the extent

27  that it purports to refer to any trademark infringement.

28    40.    This Defendant admits the allegations in paragraph 40 of the Complaint.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 4    NEWMAN DU WORS LLP    1201 Third Avenue, Suite 1600
2:14-cv-01259-RAJ    Seattle, Washington 98101
(206) 274-2800

41.     In reference to the allegation in paragraph 41 of the Complaint, this Defendant admits only that the letter marked as Exhibit G was received, but denies the remainder of the allegations in paragraph 39 of the Complaint, particularly to the extent that it purports to refer to any trademark infringement or unfair competition.

42.     This Defendant denies the allegations in paragraph 42 of the Complaint.

43.     This Defendant denies the allegations in paragraph 43 of the Complaint.

44.     This Defendant denies the allegations in paragraph 44 of the Complaint.

45.     This Defendant admits the allegations in paragraph 45 of the Complaint, and further notes that no authorization by MLCC is needed.

46.     This Defendant denies the allegations in paragraph 46 of the Complaint.

47.     This Defendant denies the allegations in paragraph 47 of the Complaint.

48.     This Defendant denies the allegations in paragraph 48 of the Complaint.

## Count I

## Federal Unfair Competition, Passing Off – 15 U.S.C. § 1125(a)

49.     This Defendant re-alleges and incorporates by reference paragraphs 1 through 48 above as if fully set forth herein.

50.     This Defendant denies the allegations in paragraph 50 of the Complaint.

51.     This Defendant denies the allegations in paragraph 51 of the Complaint.

52.     This Defendant denies the allegations in paragraph 52 of the Complaint.

53.     This Defendant denies the allegations in paragraph 53 of the Complaint.

54.     This Defendant denies the allegations in paragraph 54 of the Complaint.

55.     This Defendant denies the allegations in paragraph 55 of the Complaint.

56.     This Defendant denies the allegations in paragraph 56 of the Complaint.

## Count II

## Washington State Common Law Unfair Competition and Trademark Claims

57.     This Defendants re-alleges and incorporates by reference paragraphs 1 through 56 above as if fully set forth herein.

58.     This Defendant is without knowledge or information sufficient to form a

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS - 5
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

belief as to the truth of the allegations in paragraph 58 of the Complaint and on that basis denies them.

59. This Defendant denies the allegations in paragraph 59 of the Complaint.

60. This Defendant denies the allegations in paragraph 60 of the Complaint.

61. This Defendant denies the allegations in paragraph 61 of the Complaint.

62. This Defendant denies the allegations in paragraph 62 of the Complaint.

63. This Defendant denies the allegations in paragraph 63 of the Complaint.

64. This Defendant denies the allegations in paragraph 64 of the Complaint.

## Count III

## Infringement of a Federally Registered Trademark – 15 U.S.C. § 1114

65. This Defendant re-alleges and incorporates by reference paragraphs 1 through 64 above as if fully set forth herein.

66. This Defendant denies the allegations in paragraph 66 of the Complaint.

67. This Defendant denies the allegations in paragraph 67 of the Complaint.

68. This Defendant denies the allegations in paragraph 68 of the Complaint.

69. This Defendant denies the allegations in paragraph 69 of the Complaint.

70. This Defendant denies the allegations in paragraph 70 of the Complaint.

71. This Defendant denies the allegations in paragraph 71 of the Complaint.

72. This Defendant denies the allegations in paragraph 72 of the Complaint.

This Defendant denies that MLCC is entitled to any relief, including but not limited to the relief MLCC requests in its "Prayer for Costs and Attorney Fees" and its "Prayer for Relief".

## II.  Affirmative Defenses

Without admitting any of the allegations in Plaintiff Meth Lab Cleanup LLC's Complaint for Injunctive Relief, Damages (Dkt. 1) Defendant Bio Clean, Inc. states the following affirmative defenses:

### First Affirmative Defense

MLCC's Complaint, and each count asserted in it, fails to allege facts sufficient to

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 6
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1 | state a claim upon which relief can be granted.

**Second Affirmative Defense**

MLCC's claims are barred in whole or in part because of MLCC's unclean hands and MLCC's own fault.

**Third Affirmative Defense**

MLCC's claims are barred by laches.

**Fourth Affirmative Defense**

MLCC's claims are barred by the relevant statute of limitations.

**Fifth Affirmative Defense**

MLCC's claims are barred by waiver, consent, acquiescence, estoppel, and other equitable defenses.

**Sixth Affirmative Defense**

MLCC's claims are barred because of MLCC's failure to mitigate damages.

**Seventh Affirmative Defense**

MLCC's claims are barred because the marks claimed by MLCC are generic and are therefore not entitled to trademark protection.

**Eighth Affirmative Defense**

MLCC's claims are barred because the marks claimed by MLCC are merely descriptive and lack secondary meaning, and are therefore not entitled to trademark protection.

**Ninth Affirmative Defense**

MLCC's claims are barred because MLCC's asserted trademark registrations were obtained fraudulently.

**Tenth Affirmative Defense**

MLCC's claims are barred by the doctrine of misuse of trademark.

**Eleventh Affirmative Defense**

MLCC's claims are barred because Defendants are entitled to fair use of the generic or descriptive term alleged to be MLCC's trademark.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS - 7
2:14-cv-01259-RAJ

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**Twelfth Affirmative Defense**

MLCC's claims are barred because Defendants' alleged conduct was in good faith and with non-willful intent at all times.

**Thirteenth Affirmative Defense**

MLCC's claims against Defendant Borst are barred because MLCC has failed to allege any act or cause of action against Borst, individually, separate and apart from Defendant Bio Clean, LLC.

**Fourteenth Affirmative Defense**

In the event that one or more of MLCC's federal trademark registrations are found to be valid and enforceable, Defendants' alleged use of such marks pre-dates MLCC's filings for registration such that MLCC cannot prevent concurrent use arising prior to MLCC's filing's.

**Reservation Of Rights**

This Defendant reserves the right to assert further affirmative defenses, based on the course of discovery and proceedings in this action.

## III. Counterclaims

Defendant and Counterclaim Plaintiff Bio Clean, Inc. alleges for its counterclaims against Plaintiff and Counterclaim Defendant Meth Lab Cleanup LLC, on personal knowledge as to Bio Clean's own activities and on information and belief as to the activities of others, as follows:

**Parties**

1.      Counterclaim Plaintiff Bio Clean, Inc. is a Washington corporation with a principal place of business located at 3316 Old Hartford Road, Unit A2, Lake Stevens, Washington 98258.

2.      Counterclaim Defendant Meth Lab Cleanup LLC is an Idaho limited liability company who conducts business throughout the United States, including in Washington, with its principal place of business located at 2994 East Sable Court, Athol,

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 8
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Idaho 83801.

## Jurisdiction & Venue

3.     This Court has personal jurisdiction over Counterclaim Defendant Meth Lab Cleanup LLC because Meth Lab Cleanup LLC conducts business in Washington, is registered to do business in Washington, and consented to personal jurisdiction in this Court upon filing its Complaint.

4.     This Court has subject matter jurisdiction over Bio Clean's counterclaims pursuant to: 28 U.S.C. § 1331 because this action arises under the laws of the United States, 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 28 U.S.C. § 1338 because it is related to trademarks and unfair competition, and 28 U.S.C. § 1367 because they are so related to claims in Meth Lab Cleanup LLC's Complaint over which the Court has original subject matter jurisdiction that they form part of the same case or controversy.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Counterclaim Defendant Meth Lab Cleanup LLC initiated this action in this district against Counterclaim Plaintiff Bio Clean, Inc.

## Common factual background

**A.     Bio Clean has provided meth lab cleanup services since 2000.**

6.     Bio Clean is and has been for many years engaged in the business of meth lab cleanup, crime scene cleanup, and decontamination, including surveying, testing, assessing, and cleaning or remediating clandestine or illegal methamphetamine drug laboratories in accordance with federal, state, or local requirements.

7.     Bio Clean first went into business in 1998, serving the public throughout the Northwestern United States, performing crime scene cleanup remediation services.

8.     In 2000, Bio Clean first became licensed by the State of Washington to clean up meth labs, and since then, Bio Clean has been advertising its meth lab cleanup services and performing meth lab cleanups as a regular business offering.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 9
2:14-cv-01259-RAJ

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

9.    Bio Clean has advertised extensively and continuously its meth lab cleanup services and created extensive and widespread goodwill in its services.

10.   Bio Clean has worked extensively over the last fourteen years in the industry of meth lab cleanup, is very knowledgeable of the industry, and has been successful in the industry.

**B.    In 2007, MLCC filed federal trademark applications for METH LAB CLEANUP LLC for MLCC's meth lab cleanup and related services.**

11.   MLCC is engaged in the business of drug lab cleanup as well as training, evaluation, testing, and consulting on the cleanup of hazardous and illegal drug lab sites.

12.   In 2007, MLCC filed three federal trademark applications for METH LAB CLEANUP LLC based on claimed first use in 2003.

**1.    Registration No. 3,662,396 – Meth Lab Cleanup LLC**

13.   On September 4, 2007, MLCC applied to the USPTO for a registration of the service mark METH LAB CLEANUP LLC for "training services in the field of clandestine drug lab decontamination and cleanup," in Class 41 (U.S. Cls. 100, 101 and 107) under provisions of Section 1(a) of the Trademark Act of 1946, as Amended (15 U.S.C. § 1051). A copy of MLCC's September 4, 2007 trademark application, Serial No. 77/271,496, is attached as **Exhibit A**.

14.   In its application, MLCC claimed a first use in commerce date of at least as early as July 2003.

15.   On December 10, 2007, during the prosecution of MLCC's application, the USPTO examining attorney sent an office action to MLCC refusing registration under Trademark Act Section 2(e)(1), on the basis that the proposed mark merely describes the field or subject matter of the training and the term LLC is merely an entity designation.

16.   On June 9, 2008, MLCC submitted its Response to this office action.

17.   On July 1, 2008, the USPTO examining attorney sent an office action to

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 10
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  MLCC rejecting its argument and issuing a final refusal to register the mark pursuant to

2  Section 2(e)(1); maintaining its determination that the proposed mark is merely

3  descriptive of the field or subject matter of the training services.

4      18.    On October 30, 2008, MLCC filed its Request for Reconsideration after

5  Final Action stating that, pursuant to Section 2(f) and based on use, the mark has become

6  distinctive of the goods/services through MLCC's substantially exclusive and continuous

7  use in commerce for at least the five years immediately before the date of the statement.

8  A copy of MLCC's October 30, 2008 Request for Reconsideration after Final Action,

9  Serial No. 77/271,496, is attached as **Exhibit B**.

10     19.    At the time of this filing, MLCC was aware that it was not the exclusive

11  users of the mark and that other statements made in Response to the USPTO were false

12  and/or misleading.

13     20.    Specifically, MLCC was aware of numerous other companies operating in

14  the meth lab cleanup industry that regularly and continuously used the phrase "meth lab

15  cleanup" to describe the services being offered.

16     21.    Joseph Mazzuca and Julie Mazzuca, the principals of MLCC, were

17  specifically aware of the use of the phrase "meth lab cleanup" by Bio Clean at the time of

18  the filing of this false statement to the Trademark Office.

19     22.    Joseph and Julie Mazzuca were also specifically aware of the use of the

20  phrase "meth lab cleanup" by at least one other competitor in Florida and one other

21  competitor in Texas, among others, at the time of the filing of this false affidavit.

22     23.    The Mazzucas specifically withheld this information from the Trademark

23  Office in order to deceive the Examiner to believe that MLCC had substantially exclusive

24  use of the phrase.

25     24.    On November 12, 2008, the USPTO examining attorney sent an Office

26  Action to MLCC stating the USPTO accepted MLCC's Section 2(f) claim of acquired

27  distinctiveness in response to the USPTO's Section 2(e)(1) merely descriptive refusal.

28  The USPTO, however, required MLCC to disclaim the term LLC in connection with its

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 11
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  Section 2(f) claim as the term is generic.

2      25.     On August 4, 2009, the mark was registered under U.S. Registration No.

3  3,662,396.

4

5      **2.     Registration No. 3,662,398 – Meth Lab Cleanup LLC**

6      26.     On September 6, 2007, MLCC applied to the USPTO for a registration of

7  the service mark METH LAB CLEANUP LLC for "consultation in the field of

8  clandestine drug lab site decontamination; decontamination of illegal clandestine drug lab

9  sites" in Class 40 (U.S. Cls. 100, 103 and 106) under provisions of Section 1(a) of the

10  Trademark Act of 1946, as Amended (15 U.S.C. § 1051). A copy of MLCC's September

11  6, 2007 trademark application, Serial No. 77/273,693, is attached as **Exhibit C**.

12      27.     In its application, MLCC claimed a first use in commerce date of at least as

13  early as July 2003.

14      28.     On December 10, 2007, during the prosecution of MLCC's application, the

15  USPTO examining attorney sent an office action to MLCC refusing registration under

16  Trademark Act Section 2(e)(1), on the basis that the proposed mark merely describes the

17  goods/services.

18      29.     On June 9, 2008, MLCC submitted its Response to this office action.

19      30.     On July 1, 2008, the USPTO examining attorney sent an office action to

20  MLCC rejecting its argument and issuing its final refusal to register the mark pursuant to

21  Section 2(e)(1); maintaining its determination that the mark is merely descriptive of a

22  purpose or function of the consultation services and that the term LLC is merely an entity

23  indicator.

24      31.     On October 30, 2008, MLCC filed its Request for Reconsideration after

25  Final Action stating that, pursuant to Section 2(f) and based on use, the mark had become

26  distinctive of the goods/services through MLCC's substantially exclusive and continuous

27  use in commerce for at least the five years immediately before the date of the statement.

28  A copy of MLCC's October 30, 2008 Request for Reconsideration after Final Action,

1   Serial No. 77/273,693, is attached as **Exhibit D**.

2       32.    At the time of this filing, MLCC was aware that it was not the exclusive

3   user of the mark and that other statements made in Response to the USPTO were false

4   and/or misleading.

5       33.    Specifically, MLCC was aware of numerous other companies operating in

6   the meth lab cleanup industry that regularly and continuously used the phrase "meth lab

7   cleanup" to describe the services being offered.

8       34.    Joseph Mazzuca and Julie Mazzuca, the principals of MLCC, were

9   specifically aware of the use of the phrase "meth lab cleanup" by Bio Clean at the time of

10   the filing of this false statement to the Trademark Office.

11       35.    Joseph and Julie Mazzuca were also specifically aware of the use of the

12   phrase "meth lab cleanup" by at least one other competitor in Florida and one other

13   competitor in Texas, among others, at the time of the filing of this false affidavit.

14       36.    The Mazzucas specifically withheld this information from the Trademark

15   Office in order to deceive the Examiner to believe that MLCC had substantially exclusive

16   use of the phrase.

17       37.    On November 12, 2008, the USPTO examining attorney sent an Office

18   Action to MLCC stating the USPTO accepted MLCC's Section 2(f) claim of acquired

19   distinctiveness in response to the USPTO's Section 2(e)(1) merely descriptive refusal.

20   The USPTO, however, required MLCC to disclaim the term LLC in connection with its

21   Section 2(f) claim as the term is generic.

22       38.    On August 4, 2009, the mark was registered under U.S. Registration No.

23   3,662,398.

24

25       **3.**    **Registration No. 3,662,399 – Meth Lab Cleanup LLC**

26       39.    On September 6, 2007, MLCC applied to the USPTO for a registration of

27   the service mark METH LAB CLEANUP LLC for "evaluation and testing of illegal

28   clandestine drug lab sites for the presence of hazardous and illegal materials; evaluation

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 13
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   and testing of real estate for the presence of hazardous material," in Class 42 (U.S. Cls.

2   100 and 101) under provisions of Section 1(a) of the Trademark Act of 1946, as Amended

3   (15 U.S.C. § 1051). A copy of MLCC's September 6, 2007 trademark application, Serial

4   No. 77/273,694, is attached as **Exhibit E**.

5      40.   In its application, MLCC claimed a first use in commerce date of at least as

6   early as July 2003.

7      41.   On December 10, 2007, during the prosecution of MLCC's application, the

8   USPTO examining attorney sent an office action to MLCC refusing registration under

9   Trademark Act Section 2(e)(1), on the basis that the proposed mark merely describes the

10  goods/services.

11     42.   The examining attorney found that the "wording 'METH LAB' is the type

12  or location in which the services are intended to [be] performed and the term

13  'CLEANUP' is merely descriptive of purpose, use or function of the services offered and

14  the term 'LLC' is merely an entity designation."

15     43.   On June 9, 2008, MLCC submitted its Response to this office action.

16     44.   On July 1, 2008, the USPTO examining attorney sent an office action to

17  MLCC issuing its final refusal to register the mark pursuant to Section 2(e)(1);

18  maintaining its determination that the mark is merely descriptive.

19     45.   On October 30, 2008, MLCC filed its Request for Reconsideration after

20  Final Action stating that, pursuant to Section 2(f) and based on use, the mark had become

21  distinctive of the goods/services through MLCC's substantially exclusive and continuous

22  use in commerce for at least the five years immediately before the date of the statement.

23  A copy of MLCC's October 30, 2008 Request for Reconsideration after Final Action,

24  Serial No. 77/273,694, is attached as **Exhibit F**.

25     46.   At the time of this filing, MLCC was aware that it was not the exclusive

26  users of the mark and that other statements made in Response to the USPTO were false

27  and/or misleading.

28     47.   Specifically, MLCC was aware of numerous other companies operating in

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 14
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  the meth lab cleanup industry that regularly and continuously used the phrase "meth lab

2  cleanup" to describe the services being offered.

3       48.    Joseph Mazzuca and Julie Mazzuca, the principals of MLCC, were

4  specifically aware of the use of the phrase "meth lab cleanup" by Bio Clean at the time of

5  the filing of this false statement to the Trademark Office.

6       49.    Joseph and Julie Mazzuca were also specifically aware of the use of the

7  phrase "meth lab cleanup" by at least one other competitor in Florida and one other

8  competitor in Texas, among others, at the time of the filing of this false affidavit.

9       50.    The Mazzucas specifically withheld this information from the Trademark

10  Office in order to deceive the Examiner to believe that MLCC had substantially exclusive

11  use of the phrase.

12       51.    On November 12, 2008, the USPTO examining attorney sent an Office

13  Action to MLCC stating the USPTO accepted MLCC's Section 2(f) claim of acquired

14  distinctiveness in response to the USPTO's Section 2(e)(1) merely descriptive refusal.

15  The USPTO, however, required MLCC to disclaim the term LLC in connection with its

16  Section 2(f) claim as the term is generic.

17       52.    On August 4, 2009, the mark was registered under U.S. Registration No.

18  3,662,399.

19       53.    Registration Nos. 3,662,396, 3,662,398, and 3,662,399 are currently the

20  subject of cancellation proceedings and have not been awarded incontestability status.

21
22  **C.    In 2012, MLCC filed federal trademark applications for METH LAB CLEANUP for MLCC's meth lab cleanup and related services.**

23       54.    In 2010 and 2011, MLCC was involved in extensive litigation with a

24  competitor, wherein MLCC learned that numerous other firms had long used the phrase

25  "meth lab cleanup" to describe the meth lab cleanup services they performed.

26       55.    In 2012, despite obtaining further knowledge that the phrase "meth lab

27  cleanup" is generically used by many others, MLCC filed three additional trademark

28  applications, nearly identical to their earlier marks, only dropping the "LLC" portion

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 15
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1    from the earlier marks.

2         56.    Each of three additional applications were filed on May 7, 2012, and all were

3    applied for through counsel Robert Thornburg, litigation counsel for MLCC who had

4    obtained specific and extensive knowledge of use by many other competitors of the same

5    phrase.

6         57.    Operating through counsel Robert Thornburg, MLCC applied for three

7    service mark registration for the phrase "Meth Lab Cleanup" under provisions of Section

8    1(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1051).

9

10    **1.    Registration No. 4,278,724 – Meth Lab Cleanup**

11         58.    On May 7, 2012, MLCC applied to the USPTO for a registration of the

12    service mark METH LAB CLEANUP for "evaluation and testing of illegal clandestine

13    drug lab sites for the presence of hazardous and illegal material; evaluation and testing of

14    real estate for the presence of hazardous materials," in Class 42 (U.S. Cls. 100 and 101)

15    under provisions of Section 1(a) of the Trademark Act of 1946, as Amended (15 U.S.C. §

16    1051). A copy of MLCC's May 7, 2012 trademark application, Serial No. 85/618,196, is

17    attached as **Exhibit G**.

18         59.    In its application, MLCC claimed a first use in commerce date of at least as

19    early as October 15, 2003.

20         60.    On August 30, 2012, during the prosecution of the application, the USPTO

21    examining attorney sent an office action to Thornburg, on behalf of MLCC refusing

22    registration under Trademark Act Section 2(e)(1), on the basis that the proposed mark

23    merely describes the goods/services.

24         61.    The examining attorney found that the words "METH", "LAB" and

25    "CLEANUP" are each merely descriptive identifiers of the "subject matter of the

26    applicant's services." The examiner stated "a mark that merely combines descriptive

27    words is not registrable if the individual components retain their descriptive meaning in

28    relation to the goods and/or services and the combination results in a composite mark

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 16
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   that is itself descriptive. TMEP §1209.3(d)".

2        62.    After receiving the Office Action on August 30, 2012, MLCC, operating

3   through counsel Robert Thornburg, made a new filing to the US Trademark Office on the

4   next day, August 31, wherein MLCC modified the attorney representative for MLCC.

5   Attorney Thornburg remained as appointed counsel for MLCC but added numerous

6   additional attorneys from his firm of Allen, Dyer, Doppelt, Milbrath and Gilchrest.

7        63.    On the same date, August 31, 2012, on information and belief, one of more

8   or said attorney representatives prepared a knowingly false affidavit for MLCC

9        64.    On September 13, 2012, MLCC, acting through its counsel, Allen, Dyer,

10   Doppelt, Milbrath and Gilchrest, submitted its Response to this Office Action. A copy of

11   MLCC's September 13, 2012 Response to Office Action, Serial No. 85/618,196, is

12   attached as **Exhibit H**.

13        65.    The September 13, 2012 Office Action Response submitted by Allen, Dyer,

14   Doppelt, Milbrath and Gilchrest included a sworn affidavit by Julie Mazzuca, President of

15   MLCC, whereby Mazzuca swore under oath that the statements contained therein were

16   true to the best of her knowledge.

17        66.    The Mazzuca affidavit prepared by Allen, Dyer, Doppelt, Milbrath and

18   Gilchrest and signed by Mazzuca stated that the service mark requested had become

19   distinctive of the goods/services through MLCC's substantially exclusive and continuous

20   use in commerce of the mark for at least the five years immediately before the date of the

21   statement.

22        67.    Attorney Robert Thornburg as well as MLCC President Julie Mazzuca were

23   very much aware that the assertion of "substantially exclusive use" was false based upon

24   extensive prior litigation undertaken by Thornburg and Mazzuca that had revealed

25   extensive prior use of the proposed mark by others. On information and belief, this is the

26   reason Thornburg added additional counsel from his firm as attorney representatives

27   immediately after receiving the Examiner's rejection, and the reason he arranged for one

28   of the others to sign the knowingly false Office Action Response.

68.     On October 17, 2012, the USPTO examining attorney sent a Notice of Publication to attorney Robert Thornburg, accepting MLCC's Section 2(f) claim of acquired distinctiveness in response to the USPTO's Section 2(e)(1) merely descriptive refusal, and advancing the application to publication.

69.     On January 22, 2013, the mark was registered under U.S. Reg. No. 4,278,724.

### 2.     Registration No. 4,288,271 - Meth Lab Cleanup

70.     On May 7, 2012, MLCC applied to the USPTO for a registration of the service mark METH LAB CLEANUP for "training services in the field of clandestine drug lab decontamination and cleanup," in Class 41 (U.S. Cls. 100, 101 and 107) under provisions of Section 1(a) of the Trademark Act of 1946, as Amended (15 U.S.C. § 1051). A copy of MLCC's May 7, 2012 trademark application, Serial No. 85/618,169, is attached as **Exhibit I**.

71.     In its application, MLCC claimed a first use in commerce date of at least as early as October 15, 2003.

72.     On August 28, 2012, during the prosecution of the application, the USPTO examining attorney sent an office action to Thornburg, on behalf of MLCC, refusing registration under Trademark Act Section 2(e)(1), on the basis that the proposed mark is merely descriptive at best.

73.     The examining attorney stated: "In addition to being merely descriptive, the applied-for mark appears to be generic in connection with the identified services and, therefore, incapable of functioning as a source-identifier for applicant's services." The Examiner added: "Under these circumstances, neither an amendment to proceed under Trademark Act Section 2(f) nor an amendment to the Supplemental Register can be recommended."

74.     After receiving the Office Action on August 28, 2012, MLCC, operating through counsel Robert Thornburg, made a new filing to the US Trademark Office three

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS - 18
2:14-cv-01259-RAJ

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

days later on August 31, wherein MLCC modified the attorney representative for MLCC. Attorney Thornburg remained as appointed counsel for MLCC but added numerous additional attorneys from his firm of Allen, Dyer, Doppelt, Milbrath and Gilchrest.

75.     On the same date, August 31, 2012, on information and belief, one or more of said attorney representatives prepared a knowingly false affidavit for MLCC

76.     On September 14, 2012, MLCC, acting through its counsel, Allen, Dyer, Doppelt, Milbrath and Gilchrest, submitted its Response to this Office Action. A copy of MLCC's September 14, 2012 Response to Office Action, Serial No. 85/618,169, is attached as **Exhibit J**.

77.     The September 14, 2012 Office Action Response submitted by Allen, Dyer, Doppelt, Milbrath and Gilchrest included a sworn affidavit by Julie Mazzuca, President of MLCC, whereby Mazzuca swore under oath that the statements contained therein were true to the best of her knowledge.

78.     The Mazzuca affidavit prepared by Allen, Dyer, Doppelt, Milbrath and Gilchrest and signed by Mazzuca stated that the service mark requested had become distinctive of the goods/services through MLCC's substantially exclusive and continuous use in commerce of the mark for at least the five years immediately before the date of the statement.

79.     Attorney Robert Thornburg as well as MLCC President Julie Mazzuca were very much aware that the assertion of "substantially exclusive use" was false based upon extensive prior litigation undertaken by Thornburg and Mazzuca that had revealed extensive prior use of the mark by others. On information and belief, this is the reason Thornburg added additional counsel from his firm as attorney representatives immediately after receiving the Examiner's rejection, and the reason he arranged for one of the others to sign the knowingly false Office Action Response.

80.     On October 16, 2012, the USPTO examining attorney issued an Examiner's Amendment after an authorization by MLCC counsel, wherein the Applicant claimed acquired distinctiveness as a result of the three earlier MLCC registrations.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 19
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

81.     The mark was allowed to issue and was ultimately registered on February 12, 2013 under U.S. Reg. No. 4,288,271.

### 3.     Registration No. 4,288,270 - Meth Lab Cleanup

82.     On May 7, 2012, MLCC applied to the USPTO for a registration of the service mark METH LAB CLEANUP for "consultation in the field of clandestine drug lab site decontamination; decontamination of illegal clandestine drug lab sites," in Class 40 (U.S. Cls. 100, 103 and 106) under provisions of Section 1(a) of the Trademark Act of 1946, as Amended (15 U.S.C. § 1051). A copy of MLCC's May 7, 2012 trademark application, Serial No. 85/618,142, is attached as **Exhibit K**.

83.     In its application, MLCC claimed a first use in commerce date of at least as early as October 15, 2003.

84.     On August 28, 2012, during the prosecution of the application, the USPTO examining attorney sent an office action to Thornburg, on behalf of MLCC, refusing registration under Trademark Act Section 2(e)(1), on the basis that the proposed mark is merely descriptive at best.

85.     The examining attorney stated: "In addition to being merely descriptive, the applied-for mark appears to be generic in connection with the identified services and, therefore, incapable of functioning as a source-identifier for applicant's services." The Examiner added: "Under these circumstances, neither an amendment to proceed under Trademark Act Section 2(f) nor an amendment to the Supplemental Register can be recommended".

86.     After receiving the Office Action on August 28, 2012, MLCC, operating through counsel Robert Thornburg, made a new filing to the US Trademark Office three days later on August 31, wherein MLCC modified the attorney representative for MLCC. Attorney Thornburg remained as appointed counsel for MLCC but added numerous additional attorneys from his firm of Allen, Dyer, Doppelt, Milbrath and Gilchrest.

87.     On the same date, August 31, 2012, on information and belief, one or more

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 20
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  of said attorney representatives prepared a knowingly false affidavit for MLCC

2       88.     On September 13, 2012, MLCC, acting through its counsel, Allen, Dyer,

3  Doppelt, Milbrath and Gilchrest, submitted its Response to this Office Action. A copy of

4  MLCC's September 13, 2012 Response to Office Action, Serial No. 85/618,142, is

5  attached as **Exhibit L**.

6       89.     The September 13, 2012 Office Action Response submitted by Allen, Dyer,

7  Doppelt, Milbrath and Gilchrest included a sworn affidavit by Julie Mazzuca, President of

8  MLCC, whereby Mazzuca swore under oath that the statements contained therein were

9  true to the best of her knowledge.

10       90.     The Mazzuca affidavit prepared by Allen, Dyer, Doppelt, Milbrath and

11  Gilchrest and signed by Mazzuca stated that the service mark requested had become

12  distinctive of the goods/services through MLCC's substantially exclusive and continuous

13  use in commerce of the mark for at least the five years immediately before the date of the

14  statement.

15       91.     Attorney Robert Thornburg as well as MLCC President Julie Mazzuca were

16  very much aware that the assertion of "substantially exclusive use" was false based upon

17  extensive prior litigation undertaken by Thornburg and Mazzuca that had revealed

18  extensive prior use of the mark by others. On information and belief, this is the reason

19  Thornburg added additional counsel from his firm as attorney representatives

20  immediately after receiving the Examiner's rejection, and the reason he arranged for one

21  of the others to sign the knowingly false Office Action Response.

22       92.     On October 15, 2012, the USPTO examining attorney issued an Examiner's

23  Amendment after an authorization by MLCC counsel, wherein the Applicant claimed

24  acquired distinctiveness as a result of the three earlier MLCC registrations.

25       93.     The mark was allowed to issue and was ultimately registered on February

26  12, 2013 under U.S. Reg. No. 4,288,270.

27

28

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 21
2:14-cv-01259-RAJ

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**D.   MLCC's alleged marks are generic.**

94.    At the time of each of MLCC's six registrations, U.S. Reg. Nos. 3,662,396, 3,662,398, 3,662,399, 4,288,270, 4,288,271, and 4,278,724, (the "MLCC Registrations"), each of MLCC's alleged marks were generic and therefore not entitled to registration.

95.    MLCC's alleged marks continue to be generic and not entitled to registration.

96.    MLCC's alleged marks are generic because "meth lab cleanup" is the specific service that is attempted to be protected by the service mark.

97.    The addition of the business entity identifier "LLC" to three of the purported trademarks does nothing to alter the generic nature of the alleged mark, as it provides no distinctive modifier which could be used to distinguish MLCC's services from that of other meth lab cleanup contractors.

98.    The MLCC Registrations restrict the rights of Bio Clean and other similar businesses to use the generic term "meth lab cleanup" in connection with their meth lab cleanup services.

99.    Bio Clean has been and will continue to be damaged by the existence of the MLCC Registrations because said registrations are a source of commercial uncertainty for Bio Clean and provide MLCC with prima facia ownership of a generic phrase.

100.    The MLCC Registrations are a source of damage and injury to Bio Clean.

**E.   MLCC's alleged marks are merely descriptive.**

101.    Alternatively, at the time of registration, MLCC's alleged marks were merely descriptive, lacking secondary meaning, and therefore not entitled to registration.

102.    MLCC's alleged marks continue to be merely descriptive, without secondary meaning, and not entitled to registration.

103.    MLCC's alleged marks restrict the right of Bio Clean and other similar businesses, to use the merely descriptive term "meth lab cleanup" in connection with their meth lab cleanup services.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 22
2:14-cv-01259-RAJ

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

104.    Bio Clean has been and will continue to be damaged by the existence of the MLCC Registrations because said registrations are a source of commercial uncertainty and provide MLCC with prima facia ownership of a merely descriptive phrase.

105.    The MLCC Registrations are a source of damage and injury to Bio Clean.

**F.    The MLCC Registrations were fraudulently obtained.**

106.    All six of the MLCC Registrations were obtained fraudulently.

107.    In each of the six applications for the MLCC Registrations, MLCC's proposed mark was refused as being either generic or merely descriptive under Section 2(e)(1). In each instance, MLCC filed a Request for Reconsideration seeking registration under Section 2(f) claiming the proposed marks had become distinctive of the goods/services through MLCC's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of the statement.

108.    Specifically and with particularity, each of the MLCC Registrations were fraudulently obtained by virtue of MLCC's knowingly false statements and affidavits submitted with requests for reconsideration that the proposed marks had become distinctive of the goods/services through MLCC's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of the statement.

109.    In each case, the statement and affidavit were untrue and MLCC and its counsel were aware at the time of filing such statements and affidavits of the use in commerce by many others of the term "meth lab cleanup" to promote their businesses.

110.    In each case, MLCC knowingly withheld, or otherwise failed to disclose its knowledge of, important and material information about the use of the phrase "meth lab cleanup" by many others to the USPTO with intent to deceive the examining attorney and in bad faith in order to fraudulently obtain a registration for a generic or merely descriptive term to which it is not entitled.

111.    In each case, the USPTO examining attorney relied on MLCC's knowingly false statements in allowing the application to proceed to registration.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 23
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

112.    In each case, had the truth been known, the USPTO examining attorney would not have issued the registration.

113.    Bio Clean is damaged by MLCC's knowingly false statements made to the examining attorney, and the registrations granted in reliance thereon to MLCC's misdeeds and misrepresentations.

114.    Bio Clean must be able to identify its meth lab cleanup services for its target consumers—federal, state, and local governmental health agencies and law enforcement agencies. And the most common and readily understood identification of the service provided is simply "meth lab cleanup."

115.    Bio Clean's inability to use "meth lab cleanup" to identify its meth lab cleanup services posed by the MLCC Registrations would place Bio Clean at a commercial disadvantage and is the source of significant damage and injury to Bio Clean.

116.    If MLCC is permitted to retain the MLCC Registrations sought to be cancelled, and thereby the prima facia exclusive right to use in commerce the term "Meth Lab Cleanup" in connection with the cleanup of meth labs, Bio Clean and other similar businesses will be subject to interference with legitimate commercial interests.

### First Counterclaim
### Cancellation and Declaration of Invalidity of Federal Trademark Registration
### U.S. Reg. No. 3,662,396

117.    Bio Clean re-alleges and incorporates by reference paragraphs 1 through 116 as though fully set forth herein.

118.    The federal registration for METH LAB CLEANUP LLC, Registration No. 3,662,396, for "training services in the field of clandestine drug lab decontamination and cleanup" in Class 41 (U.S. Cls. 100, 101 and 107), is invalid or voidable, or is otherwise subject to cancellation.

119.    Bio Clean is entitled to a declaration that the registration shall be cancelled and to an order of this Court to the Director of the U.S. Patent and Trademark Office that the Director cancel the registration or otherwise rectify the register forthwith.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 24
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**Second Counterclaim**
**Cancellation and Declaration of Invalidity of Federal Trademark Registration**
**U.S. Reg. No. 3,662,398**

120.    Bio Clean re-alleges and incorporates by reference paragraphs 1 through 119 as though fully set forth herein.

121.    The federal registration for METH LAB CLEANUP LLC, Registration No. 3,662,398, for "consultation in the field of clandestine drug lab site decontamination; decontamination of illegal clandestine drug lab sites" in Class 40 (U.S. Cls. 100, 103 and 106), is invalid or voidable, or is otherwise subject to cancellation.

122.    Bio Clean is entitled to a declaration that the registration shall be cancelled and to an order of this Court to the Director of the U.S. Patent and Trademark Office that the Director cancel the registration or otherwise rectify the register forthwith.

**Third Counterclaim**
**Cancellation and Declaration of Invalidity of Federal Trademark Registration**
**U.S. Reg. No. 3,662,399**

123.    Bio Clean re-alleges and incorporates rate by reference paragraphs 1 through 122 as though fully set forth herein.

124.    The federal registration for METH LAB CLEANUP LLC, Registration No. 3,662,399, for "evaluation and testing of illegal clandestine drug lab sites for the presence of hazardous and illegal materials; evaluation and testing of real estate for the presence of hazardous material" in Class 42 (U.S. Cls. 100 and 101), is invalid or voidable, or is otherwise subject to cancellation.

125.    Bio Clean is entitled to a declaration that the registration shall be cancelled and to an order of this Court to the Director of the U.S. Patent and Trademark Office that the Director cancel the registration or otherwise rectify the register forthwith.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 25
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**Fourth Counterclaim**
**Cancellation and Declaration of Invalidity of Federal Trademark Registration**
**U.S. Reg. No. 4,278,724**

126.   Bio Clean re-alleges and incorporates rate by reference paragraphs 1 through 125 as though fully set forth herein.

127.   The federal registration for METH LAB CLEANUP, Registration No. 4,278,724, for "evaluation and testing of illegal clandestine drug lab sites for the presence of hazardous and illegal materials; evaluation and testing of real estate for the presence of hazardous material" in Class 42 (U.S. Cls. 100 and 101), is invalid or voidable, or is otherwise subject to cancellation.

128.   Bio Clean is entitled to a declaration that the registration shall be cancelled and to an order of this Court to the Director of the U.S. Patent and Trademark Office that the Director cancel the registration or otherwise rectify the register forthwith.

**Fifth Counterclaim**
**Cancellation and Declaration of Invalidity of Federal Trademark Registration**
**U.S. Reg. No. 4,288,271**

129.   Bio Clean re-alleges and incorporates rate by reference paragraphs 1 through 128 as though fully set forth herein.

130.   The federal registration for METH LAB CLEANUP, Registration No. 4,288,271, for "training services in the field of clandestine drug lab decontamination and cleanup" in Class 41 (U.S. Cls. 100, 101 and 107), is invalid or voidable, or is otherwise subject to cancellation.

131.   Bio Clean is entitled to a declaration that the registration shall be cancelled and to an order of this Court to the Director of the U.S. Patent and Trademark Office that the Director cancel the registration or otherwise rectify the register forthwith.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 26
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**Sixth Counterclaim**
**Cancellation and Declaration of Invalidity of Federal Trademark Registration**
**U.S. Reg. No. 4,288,270**

132.    Bio Clean re-alleges and incorporates rate by reference paragraphs 1 through 131 as though fully set forth herein.

133.    The federal registration for METH LAB CLEANUP, Registration No. 4,288,270, for "consultation in the filed of clandestine drug lab site decontamination. Decontamination of illegal clandestine drug lab sites" in Class 40 (U.S. Cls. 100, 103 and 107), is invalid or voidable, or is otherwise subject to cancellation.

134.    Bio Clean is entitled to a declaration that the registration shall be cancelled and to an order of this Court to the Director of the U.S. Patent and Trademark Office that the Director cancel the registration or otherwise rectify the register forthwith.

**Seventh Counterclaim**
**False Advertising in Violation of Lanham Act § 43(A), 15 U.S.C. § 1125(A)**

135.    Bio Clean re-alleges and incorporates by reference paragraphs 1 through 134 as though fully set forth herein.

136.    For many years, MLCC, in connection with the advertising and promotion of its services, has made literally false and/or misleading statements regarding the nature and extent of its federal service mark registrations. Specifically, as early as May 17, 2007 on its website, MLCC used the "®" symbol to indicate a federal registration for the mark "Meth Lab Cleanup®" knowing that statement was literally false. (*See* **Exhibit M**.) Similarly, on August 22, 2008 on its website, MLCC used the "®" symbol to indicate a federal registration for the mark "Meth Lab Cleanup®" knowing that statement was literally false. (*See* **Exhibit N**.)

137.    These literally false statements were posted on MLCC's website, <methlabcleanup.com>, accessible through the Internet, and were made for the purpose of influencing consumers in favor of MLCC's services.

138.    Those statements have the capacity to deceive consumers and had a material effect on purchasing decisions.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 27
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1    139.   Those statements have been used to sell or used in offers to sell MLCC's

2    goods or services in interstate commerce.

3    140.   As a proximate cause of MLCC's actions, Bio Clean has suffered and will

4    continue to suffer injury based on, among other things, loss of good will and damage to its

5    business reputation and relationships.

6    141.   Bio Clean will suffer irreparable injury unless MLCC is enjoined from

7    making false and/or misleading statements in its advertising material.

8

9                           **IV.  Prayer for Relief**

10   WHEREFORE Defendant and Counterclaimant Bio Clean, Inc., requests that the

11   Court enter judgment in its favor and against Plaintiff and Counterclaim Defendant Meth

12   Lab Cleanup LLC as follows:

13   1.   That Plaintiff take nothing by its Complaint and that its claims be dismissed

14        with prejudice.

15   2.   That the Court issue a declaration that:

16        a.   Plaintiff has no rights in the alleged marks METH LAB CLEANUP

17             and METH LAB CLEANUP LLC; and

18        b.   Defendants' use of the term "meth lab cleanup" does not constitute

19             infringement or unfair competition.

20   3.   That the Court direct the USPTO to cancel:

21        a.   U.S. Trademark Registration No. 3,662,396 for METH LAB

22             CLEANUP LLC for training services in the field of clandestine drug

23             lab decontamination and cleanup, in Class 41 (U.S. Cls. 100, 101 and

24             107) on grounds that the mark is generic or merely descriptive, and

25             fraud pursuant to 15 U.S.C. §§ 1064, 1119, 1120, and 1121.

26        b.   U.S. Trademark Registration No. 3,662,398 for METH LAB

27             CLEANUP LLC for consultation in the field of clandestine drug lab

28             site decontamination; decontamination of illegal clandestine drug lab

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 28
2:14-cv-01259-RAJ

**NEWMAN DU WORS LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   sites in Class 40 (U.S. Cls. 100, 103 and 106) on grounds that the

2   mark is generic or merely descriptive, and fraud pursuant to 15

3   U.S.C. §§ 1064, 1119, 1120, and 1121.

4   c.   U.S. Trademark Registration No. 3,662,399 for METH LAB

5   CLEANUP LLC for evaluation and testing of illegal clandestine drug

6   lab sites for the presence of hazardous and illegal materials;

7   evaluation and testing of real estate for the presence of hazardous

8   material, in Class 42 (U.S. Cls. 100 and 101) on grounds that the

9   mark is generic or merely descriptive, and fraud pursuant to 15

10   U.S.C. §§ 1064, 1119, 1120, and 1121.

11   d.   U.S. Trademark Registration No. 4,288,271 for METH LAB

12   CLEANUP, for training services in the field of clandestine drug lab

13   decontamination and cleanup, in Class 41 (U.S. Cls. 100, 101 and

14   107) on grounds that the mark is generic or merely descriptive, and

15   fraud pursuant to 15 U.S.C. §§ 1064, 1119, 1120, and 1121.

16   e.   U.S. Trademark Registration No. 4,288,270 for METH LAB

17   CLEANUP, for consultation in the field of clandestine drug lab site

18   decontamination; decontamination of illegal clandestine drug lab

19   sites in Class 40 (U.S. Cls. 100, 103 and 106) on grounds that the

20   mark is generic or merely descriptive, and fraud pursuant to 15

21   U.S.C. §§ 1064, 1119, 1120, and 1121.

22   f.   U.S. Trademark Registration No. 4,278,724 for METH LAB

23   CLEANUP, for evaluation and testing of illegal clandestine drug lab

24   sites for the presence of hazardous and illegal materials; evaluation

25   and testing of real estate for the presence of hazardous material, in

26   Class 42 (U.S. Cls. 100 and 101) on grounds that the mark is generic

27   or merely descriptive, and fraud pursuant to 15 U.S.C. §§ 1064, 1119,

28   1120, and 1121.

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 29
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1     4.     That Defendants recover from Plaintiff the cost of this suit and attorney

2            fees pursuant to the exceptional case provisions of 15 U.S.C. § 1117(a) and

3            (b).

4     5.     That the Court enjoin Plaintiff from engaging in further false advertising.

5     6.     Such other and further relief as this Court deems just and proper.

6

7     Dated:        October 15, 2014                Respectfully Submitted,

8                                                   WATERS LAW GROUP

9                                                   s/ Robert R. Waters
                                                    _____
10                                                  Robert R. Waters (admitted *pro hac vice*)
                                                    *rrwaters@waterslawgroup.com*

11

12                                                  NEWMAN DU WORS LLP

13                                                  s/ Derek Linke
                                                    _____
14                                                  Derek A. Newman, WSBA No. 26967
                                                    *derek@newmanlaw.com*
15                                                  Derek Linke, WSBA No. 38314
                                                    *linke@newmanlaw.com*
16

17                                                  Attorneys for Defendants
                                                    Bio Clean, Inc. and Theresa Borst
18

19

20

21

22

23

24

25

26

27

28

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Bio Clean, Inc., respectfully requests a trial by jury of all issues so triable.

Dated:          October 15, 2014                    Respectfully Submitted,

WATERS LAW GROUP

s/ Robert R. Waters
Robert R. Waters (admitted *pro hac vice*)
*rrwaters@waterslawgroup.com*

NEWMAN DU WORS LLP

s/ Derek Linke
Derek A. Newman, WSBA No. 26967
*derek@newmanlaw.com*
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*

Attorneys for Defendants
Bio Clean, Inc. and Theresa Borst

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 31
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**Certificate of Service**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 15th day of October, 2014. Any other counsel of record will be served with a true and correct copy of the foregoing by mail or facsimile.

        s/ Derek Linke
        Derek Linke

DEF. BIO CLEAN'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS - 32
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800