The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| METH LAB CLEANUP, LLC, an Idaho limited liability company,<br><br>　　　　Plaintiff,<br>v.<br><br>BIO CLEAN, INC., a Washington Corporation, and THERESA BORST, an individual,<br><br>　　　　Defendants. | Case No. 2:14-cv-01259-RAJ<br><br>**COUNTERCLAIM PLAINTIFF BIO CLEAN, INC.'S MOTION FOR ENTRY OF DEFAULT AGAINST COUNTERCLAIM DEFENDANT METH LAB CLEANUP LLC**<br><br>NOTE ON MOTION CALENDAR: November 26, 2014 |
| BIO CLEAN, INC., a Washington corporation,<br><br>　　　　Counterclaim Plaintiff,<br>v.<br><br>METH LAB CLEANUP LLC, an Idaho limited liability company,<br><br>　　　　Counterclaim Defendant. | |

COUNTERCLAIM PL. BIO CLEAN, INC.'S MOT. FOR ENTRY OF DEFAULT - 1
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

## I. Introduction

Counterclaim Plaintiff Bio Clean, Inc. respectfully requests an order of default against Counterclaim Defendant Meth Lab Cleanup LLC.

Plaintiff Meth Lab Cleanup LLC brought this lawsuit against Bio Clean, Inc. and its owner and principal Theresa Borst in order to prevent Bio Clean from using the phrase "meth lab cleanup" to describe Bio Clean's meth-lab cleanup services. Meth Lab Cleanup alleges infringement of its federal trademark registrations for METH LAB CLEANUP and METH LAB CLEANUP LLC for services like the "decontamination of illegal clandestine drug lab sites." (*See* Complaint ¶ 12.)

Bio Clean filed counterclaims against Meth Lab Cleanup seeking cancellation of Meth Lab Cleanups' federal trademark registrations on the grounds that they are generic for "meth lab cleanup services" and were obtained based on fraudulent representations to the U.S. Patent & Trademark Office during prosecution. Meth Lab Cleanup failed to answer Bio Clean's Counterclaims within the time provided under Rule 12 of the Federal Rules of Civil Procedure.

Bio Clean has complied with the requirements for obtaining an entry of default under both Rule 55 and Local Rule 55(a). Accordingly, Bio Clean respectfully requests that the Clerk enter default against Meth Lab Cleanup.

## II. Factual Background

On August 15, 2014, Meth Lab Cleanup initiated this trademark-infringement action against Bio Clean, Inc. and its President Theresa Borst. (*See* Complaint (Dkt #1); Declaration of Derek Linke in Support of Counterclaim Plaintiff Bio Clean, Inc.'s Motion for Entry of Default Against Counterclaim Defendant Meth Lab Cleanup LLC (Linke Decl.) ¶ 2.)

On October 15, 2015 Bio Clean filed its Answer, Affirmative Defenses, and Counterclaims (Counterclaims) (Dkt. #17) in response to Meth Lab Cleanup's

COUNTERCLAIM PL. BIO CLEAN, INC.'S MOT.
FOR ENTRY OF DEFAULT - 2
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

Complaint. (Linke Decl. ¶ 3.) Bio Clean's Counterclaims[1] affirmatively seek a judgment of affirmative relief against Meth Lab Cleanup: the cancellation of Meth Lab Cleanup's federal trademark registrations on the grounds that they are generic for "meth lab cleanup services" and were obtained based on fraudulent representations to the U.S. Patent & Trademark Office during prosecution. (Counterclaims, Prayer for Relief; Linke Decl. ¶ 4.)

Bio Clean served its Counterclaims on Meth Lab Cleanup upon filing it with the Court's ECF system which delivered a copy to Meth Labs Cleanup's counsel of record, as indicated on the Certificate of Service included in the Counterclaims. (Counterclaims, p. 32; Linke Decl. ¶ 5.) Under Rule 12(a)(B), Meth Lab Cleanup's response to Bio Clean's Counterclaims was due within 21 days of the October 15 service, which was November 5, 2014. (Linke Decl. ¶ 6.) Meth Lab Cleanup did not file and serve a response to Bio Clean's Counterclaims by November 5, 2014. (*Id.* ¶ 7.)

On November 12, 2014, Meth Lab Cleanup still had not responded to Bio Clean's Counterclaim. (*Id.* ¶ 8.) So on November 12, 2014, Bio Clean's counsel provided written notice to Meth Lab Cleanup's counsel of Bio Clean's intention to seek entry of default within fourteen days if Meth Lab Cleanup did not respond to Bio Clean's Counterclaims. (*Id.* ¶ 9, Ex. A.) That written notice stated as follows:

> I hope you are doing well. I'm writing in reference to the counterclaim by Bio Clean against Meth Lab Cleanup Company. Currently, we have not received an Answer to the Counterclaim and the deadline has passed. Perhaps this was an oversight. This message is also intended to serve as notice under Local Rule 55 that Bio Clean will move for default in 14 days if an answer is not filed prior to then.

(*Id.*)

It has been fourteen days since Bio Clean provided written notice of its intention to move for entry of default on November 12, 2014. (*Id.* ¶ 10.) Meth Lab Cleanup has not

---

[1] Defendant Borst separately filed a motion to dismiss Meth Lab Cleanup's claims against her under Rule 12(b)(6) on the basis that they fail to state a claim for relief. (Dkt. #18.) Borst's motion has been fully briefed and is pending a determination by the Court.

COUNTERCLAIM PL. BIO CLEAN, INC.'S MOT.
FOR ENTRY OF DEFAULT - 3
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

filed and served an answer to Bio Clean's Counterclaims or otherwise defended them. (*Id.* ¶ 11.)

### III. Discussion

Entry of default is required when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise". Fed. R. Civ. P. 55(a)(1). Under Local Rule 55(a), the "clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend" upon motion supported by an affidavit specifically showing that the defaulting party was served in accordance with Rule 4.

An entry of default against Meth Lab Cleanup is appropriate here, as shown by the declaration filed in support of this motion. Counterclaim Plaintiff Meth Lab Cleanup was served with Bio Clean's Counterclaims seeking a judgment for affirmative relief on October 15, 2014. (Linke Decl. ¶¶ 3–5.) Under Rule 12(a)(B), Meth Lab Cleanup was required to serve an answer to Bio Clean's Counterclaims within twenty-one days of service, which was November 5, 2014. (Linke Decl. ¶ 6.) It is now November 26 and Meth Lab Cleanup still has not answered Bio Clean's Counterclaims. (*Id.* ¶ 11.)

Additionally, Bio Clean complied with its obligation under Local Rule 55(a) to provide written notice "at least fourteen days prior to filing its motion" for default. Bio Clean provided written notice of its intention to move for entry of default to Meth Lab Cleanup's counsel on November 12, 2014—fourteen days from the filing on this motion on November 26. (Linke Decl. ¶¶ 8–10.) Evidence of Bio Clean's November 12, 2014 written notice of its intention to move for default is provided in the declaration filed in support of this motion, including an authenticated copy of the written notice sent to Meth Lab Cleanup's counsel. (*See id.*, Ex. A.)

COUNTERCLAIM PL. BIO CLEAN, INC.'S MOT. FOR ENTRY OF DEFAULT - 4
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

## IV.  Conclusion

Meth Lab Cleanup failed to answer Bio Clean's Counterclaims within the time provided under the Federal Rules of Civil Procedure. Bio Clean has complied with the requirements for obtaining an entry of default under both Rule 55 and Local Rule 55(a). Accordingly, Bio Clean respectfully requests that the Clerk enter default against Counterclaim Defendant Meth Lab Cleanup.

Dated: November 26, 2014

Respectfully Submitted,

WATERS LAW GROUP

s/ Robert R. Waters
Robert R. Waters (admitted *pro hac vice*)
*rrwaters@waterslawgroup.com*

NEWMAN DU WORS LLP

s/ Derek Linke
Derek A. Newman, WSBA No. 26967
*derek@newmanlaw.com*
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*

Attorneys for Defendants
Bio Clean, Inc. and Theresa Borst

COUNTERCLAIM PL. BIO CLEAN, INC.'S MOT.
FOR ENTRY OF DEFAULT - 5
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 26th day of November, 2014. Any other counsel of record will be served with a true and correct copy of the foregoing by mail or facsimile.

s/ Derek Linke
Derek Linke

COUNTERCLAIM PL. BIO CLEAN, INC.'S MOT.
FOR ENTRY OF DEFAULT - 6
2:14-cv-01259-RAJ

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800