HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| METH LAB CLEANUP, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIO CLEAN, INC., et al.,<br><br>　　　　Defendants. | CASE NO. C14-1259RAJ<br><br>ORDER |

**I.  INTRODUCTION**

This matter comes before the court on consideration of Defendant Theresa Borst's motion to dismiss Plaintiff's claims against her.  For the reasons stated herein, the court DENIES the motion.  Dkt. # 18.

**II.  BACKGROUND**

The court relies today solely on the allegations of the complaint of Plaintiff Meth Lab Cleanup, LLC ("MLC").  That complaint is straightforward.  MLC dispatches and trains contractors nationwide to clean properties that have been used to manufacture or traffic in illegal drugs.  It also provides training for contractors who wish to engage in similar services.  Defendant Bio Clean, Inc. ("Bio Clean") is a Washington corporation who provides a host of cleanup services in Washington.  Among those services is the cleanup of properties that have been used to manufacture or traffic in illegal drugs.  Bio Clean (including at least four of its employees) attended MLC trainings.

ORDER – 1

1  Beginning in June 2013, Bio Clean began advertising its drug cleanup services using a tab on its website entitled "METH LAB CLEANUP." It also uses a "meth lab cleanup" metatag (among others) to identify its website to internet search engines. It has continued that conduct despite the receipt of cease-and-desist letters from MLC in July 2013 and February 2014.

MLC, which has federally registered both "Meth Lab Cleanup" and "Meth Lab Cleanup LLC" as marks for various services, sued Bio Clean, contending that Bio Clean's use of "Meth Lab Cleanup" violated the Lanham Act as well as Washington trademark law. There is no contention that MLC has failed to state claims against Bio Clean.

Instead, Bio Clean's principal, Theresa Borst, has moved to dismiss MLC's claims against her. She contends that the complaint is insufficient to state claims against her because it makes no allegations about her other than that she is the "sole owner, principal and moving force behind Bio Clean." Compl. ¶ 28.

The court now considers Ms. Borst's motion to dismiss.

### III.  ANALYSIS

Ms. Borst invokes Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the

ORDER – 2

complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

In this case, the complaint's allegation that Ms. Borst is the "sole owner" and "moving force" behind Bio Clean is sufficient, when combined with more detailed allegations about Bio Clean's wrongdoing, to state claims against her. Compl. ¶ 28. Again, Ms. Borst does not contest that MLC has pleaded claims against Bio Clean. The Lanham Act imposes liability for trademark infringement and other acts of unfair competition on a corporate officer who authorizes, directs, or participates in the unlawful acts. *Committee for Idaho's High Desert, Inc. v. Yost*, 82 F.3d 814, 823-24 (9th Cir. 1996); *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999). It is plausible to conclude, based on the allegation that Ms. Borst is Bio Clean's "sole owner" and "moving force" that she authorized, directed, or participated in the actions of Bio Clean that MLC contends violated the Lanham Act. That conclusion is strengthened when the court considers the allegation that MLC sent two cease-and-desist letters to Ms. Borst as Bio-Clean's president. Compl. ¶ 39 & Ex. E (Jul. 24, 2013 letter); Compl. ¶ 41 & Ex. G (Feb. 20, 2014 letter). It is plausible to conclude that Ms. Borst received those letters, was aware of Bio Clean's allegedly unlawful activity, and either explicitly authorized Bio Clean to continue that activity, or implicitly authorized it by doing nothing.

As to MLC's claim invoking Washington's common law, the general rule in Washington is that a corporate officer who "participates in wrongful conduct or with knowledge approves of the conduct" is liable along with the corporation for wrongdoing. *Grayson v. Nordic Constr. Co.*, 599 P.2d 1271, 1274 (Wash. 1979). The court is aware of no precedent considering the application of this general rule to Washington's common law of trademarks and unfair competition. Because Ms. Borst does not discuss

ORDER – 3

Washington law in her motion to dismiss, the court will not delve deeper into the issue. The court assumes that the general rule applies. Applying that rule, the complaint states claims against Ms. Borst for the same reasons that it states Lanham Act claims against her.

## IV.  CONCLUSION

For the reasons previously stated, the court DENIES Ms. Borst's motion to dismiss. Dkt. # 18.

DATED this 15th day of January, 2015.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4