HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

METH LAB CLEANUP, LLC,

    Plaintiff,

  v.

BIO CLEAN, INC., et al.,

    Defendants.

CASE NO. C14-1259RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on consideration of Plaintiff Meth Lab Cleanup, LLC's ("Plaintiff" or "MLC") Motion to Compel Discovery (Dkt. # 33) and Motion for Protective Order (Dkt. # 34). Defendants Bio Clean, Inc. ("Bio Clean") and Theresa Borst (collectively, "Defendants") have not filed an opposition to the motions. For the reasons stated herein, the Court **GRANTS** Plaintiff's motions.

## II. BACKGROUND

Plaintiff has sued Defendants for violations of the federal Lanham Act and Washington unfair competition and trademark law. *See* Compl. ¶¶ 49-72.

Plaintiff dispatches and trains contractors nationwide to clean properties that have been used to manufacture or traffic in illegal drugs. *Id.* ¶¶ 8-9. It also provides training for contractors who wish to engage in similar services. *Id.* ¶¶ 10, 23-24. Defendant Bio Clean, Inc. ("Bio Clean") is a Washington corporation who provides a host of cleanup services in Washington. *Id.* ¶¶ 27-32. Among those services is the cleanup of properties

ORDER – 1

that have been used to manufacture or traffic in illegal drugs.  *Id.* ¶ 30.  Bio Clean (including at least four of its employees) attended MLC trainings.  *Id.* ¶ 32.

Beginning in June 2013, Bio Clean began advertising its drug cleanup services using a tab on its website entitled "METH LAB CLEANUP."  *Id.* ¶ 36.  It also uses a "meth lab cleanup" metatag (among others) to identify its website to internet search engines.  *Id.* ¶ 51.  It has continued that conduct despite the receipt of cease-and-desist letters from MLC in July 2013 and February 2014.  *Id.* ¶¶ 39-44.

MLC, which has federally registered both "Meth Lab Cleanup" and "Meth Lab Cleanup LLC" as marks for various services (*id.* ¶¶ 12, 33, 35), has sued Bio Clean, contending that Bio Clean's use of "Meth Lab Cleanup" violated the Lanham Act as well as Washington trademark law.

### III.  LEGAL STANDARD

The Court has broad discretion to control discovery.  *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  That discretion is guided by several principles.  Most importantly, the scope of discovery is broad.  A party must respond to any discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues."  Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

### IV.  ANALYSIS

**A.     Motion to Compel**

Plaintiff seeks an order compelling Bio Clean to answer its First Set of Interrogatories and Requests for Production propounded on April 29, 2015.  Dkt. # 33 at

ORDER – 2

2. It appears that some of Plaintiff's concerns have been addressed in Bio Clean's production – apparently made without objection – subsequent to the filing of Plaintiff's motion. *See* Dkt. # 35-1 (Marshall Decl.) ¶ 3.

It appears that Plaintiff has tried to meet and confer with Defendants regarding these issues multiple times without success. *See* Dkt. # 33-1 (Marshall Decl.) ¶¶ 3-11, 13-16. As such, Plaintiff has met the meet and confer requirements necessitated by the Rules. *See* Fed. R. Civ. P. 37(a)(1); W.D. Wash. R. 37(a)(1).

First, Plaintiff seeks an order requiring Defendants to respond to their Interrogatories Nos. 11 and 12, and their Request for Production No. 1. *See* Dkt. # 35-1 (Marshall Decl.) ¶ 4. These Interrogatories seek the dates and documents evidencing when Defendants first used the phrase "METH LAB CLEANUP." *Id.* Ex. A at p. 5. Defendants have simply responded that they will supplement their responses "promptly." *Id.* As Plaintiff notes, Defendants' responses are not responsive to the Interrogatories and Defendants do not appear to have produced any documents in connection. *See id.* Defendants' answers are hardly answers at all. Defendants are, of course, obligated under the Federal Rules of Civil Procedure to fully answer every interrogatory in writing. *See* Fed. R. Civ. P. 33(b)(3). As such, the Court finds that Defendants must supplement their responses to Plaintiff's Interrogatories Nos. 11 and 12 as well as produce all documents in connection **no later than 10 days** of the date of this Order.

Next, Plaintiff seeks an order compelling Defendants to respond to their Interrogatory No. 40 and Request for Production No. 15. *See* Dkt. # 35-1 (Marshall Decl.) ¶ 6. That Interrogatory seeks the nature and amount of Defendants' claimed damages in connection with their counterclaims for false advertising. *See id.* Ex. B at p. 7. It appears that Defendants have functionally failed to respond. *See id.*; *see also* Dkt. # 33-4 (Marshall Decl.) Ex. C at p. 20. This is particularly jarring for Plaintiff's Interrogatory No. 40 as parties are required to disclose a computation for each category of damages claimed under the Federal Rule of Civil Procedure 26(a)(1)(iii). As such, the

ORDER – 3

Court finds that Defendants must supplement their responses to Plaintiff's Interrogatory No. 40 and production in connection with Request for Production No. 15 **no later than 10 days** of the date of this Order.

Finally, Plaintiff seeks supplemental responses to its Interrogatories Nos. 36 and 37. *See* Dkt. # 35-1 (Marshall Decl.) ¶ 11. Those interrogatories seek the dollar amounts of sales attributed to "each product, service, or both offered for sale by Defendants while using the mark METH LAB CLEANUP in any manner." *See id.* Ex. D at p. 11. Defendants respond by stating that they "have not used the generic phrase 'meth lab cleanup' as a trademark, because a generic phrase is not capable of serving as a trademark" and therefore have not attributed any sales to the use of the mark. *Id.* Plaintiff correctly notes that Defendants' response is not responsive. Plaintiff is seeking the dollar amounts for sales for all products, services, or both wherein Defendants used the phrase "METH LAB CLEANUP" in any way. Regardless of the alleged validity or invalidity of the mark, Plaintiff is still entitled to a response. Accordingly, the Court finds that Defendants must supplement their responses to Plaintiff's Interrogatories Nos. 36 and 37 **no later than 10 days** of the date of this Order.

### B. Motion for Protective Order

Plaintiff also seeks an order from the Court to enter a proposed protective order in this case. It appears that Plaintiff has met and conferred with Defendants multiple times for a stipulation of this protective order, but that Defendants have to yet to accept the stipulated protective order. *See* Dkt. # 33-2 (Marshall Decl.) ¶¶ 2-3, 5-12, 15-16, Exs. A-B, D-G; Dkt. # 35-1 (Marshall Decl.) ¶ 2.

The Court may enter a protective order where a party certifies that he has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action" and demonstrates good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c).

ORDER – 4

In this case, Plaintiff has demonstrated that he has complied with the Federal Rules and with this Court's Local Rules before filing the instant Motion. *See* Fed. R. Civ. P. 37(a)(1); W.D. Wash. R. 26(c)(1). Although not entirely clear from the Motion, it appears that Plaintiff is seeking entry of a protective order for protection of "confidential, proprietary, or private information." *See* Dkt. # 33-1. This is expressly contemplated by the Federal Rules. *See* Fed. R. Civ. P. 26(c)(1)(G). As such, the Court finds that Plaintiff has demonstrated good cause.

The (Proposed) Protective Order follows in large part this Court's Model Protective Order. *Compare* Dkt. # 33-1 *with* W.D. Wash. Model Stipulated Protective Order. The Court **GRANTS** Plaintiff's motion and will separately enter the order. However, the Court finds that section 2, paragraph (c) of the order, covering "Such other documents as the parties agree to mutually," to be vague and will strike that portion.

### C.   Plaintiff's Requests for Sanctions

Finally, Plaintiff requests expenses incurred as a result of this discovery dispute. Specifically, Plaintiff requests expenses in the amount of $580 in connection with both of its motions. *See* Dkt. # 33 at p. 3; Dkt. # 34 at p. 2.

Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted, or if requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." That same provision applies to a successful motion for a protective order. *See* Fed. R. Civ. P. 26(c)(3).

Defendants have not responded to Plaintiff's motions in any manner, much less Plaintiff's requests for sanctions. Plaintiff has supported its requests with the declarations of its counsel who has claimed that he expended 2 hours in connection with the two motions. Mr. Marshall also claims an hourly rate of $290. Other courts in this District have approved similar rates and amounts for similar motions. *See e.g., Chapman*

ORDER – 5

*v. Progress Rail Servs. Corp.*, No. C14-5680 RJB, 2015 WL 5022782, at *2 (W.D. Wash. Aug. 24, 2015) (hourly rates of $420 and $290 were reasonable for this community).

Nevertheless, the Court finds that Defendants should be given an opportunity to respond. Accordingly, the Court orders Defendants **to show cause within 7 days** of the date of this Order why they or their counsel should not be ordered to pay Plaintiff's reasonable expenses of $580.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motions to compel and for a protective order. Dkt. # 33, 34. More specifically, the Court hereby ORDERS as follows:

- Defendants must serve their supplemented responses to Plaintiff's Interrogatories Nos. 11, 12, 36, 37, and 40 **no later than 10 days** of this Order.
- Defendants must serve their supplemented productions responsive to Plaintiff's Requests for Production Nos. 1 and 15 **no later than 10 days** of the date of this Order;
- The Court will separately enter the Plaintiff's proposed protective order; and
- Defendants are ordered **to show cause within 7 days** of the date of this Order why they or their counsel should not be ordered to pay Plaintiff's reasonable expenses of $580.

DATED this 28th day of August, 2015.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6