HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

METH LAB CLEANUP, LLC,

          Plaintiff,

      v.

BIO CLEAN, INC., et al.,

          Defendants.

CASE NO. C14-1259RAJ

ORDER

Currently before the Court are a Motion to Withdraw as Local Counsel filed by Defendants Bio Clean, Inc. and Theresa Borst's (collectively, "Defendants") local counsel, Newman Du Wors LLP (Dkt. # 55) and a Motion to Continue Trial filed by Defendants (Dkt. # 58). The Court held a telephonic conference addressing these issues and issues relating to the Parties' trial preparation on January 7, 2015.

Having heard from the Parties, the Court will rule as follows:

1. There will be no extension of discovery. Discovery closed on September 21, 2015 (Dkt. # 30) and remains closed.

2. The Court will permit Defendants to file a renewed motion for summary judgment limited to the issue of Defendants' affirmative defense of non-infringement due to Defendants' senior use of the mark in Washington State.[1] Defendants shall file their motion by **January 22, 2016**.

---

[1] Contrary to Defendants' representation at the hearing, this issue was not squarely raised in the Defendants' briefing. Instead, that briefing addressed the issue of whether Plaintiff's trademark registrations should be cancelled due to false statements in declarations presented to the United

ORDER – 1

3. The Court grants a short continuance of the trial date in this case.  The new trial date is **April 4, 2016 at 9:00 a.m.**  The Clerk to enter a new case schedule based on the new date.  A continuance is necessary in light of the prejudice Defendants have been subject to as a result of the delays in trial preparation – receiving the proposed pretrial order a day before its due date, for example – as well as the necessity of retaining new local counsel.  Defendants have therefore shown sufficient actual and substantial prejudice to justify a continuance.  *See Martel v. Cty. of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995).

4. The Court will hold Defendants' local counsel to their representations at the telephonic conference.  In other words, the Court expects that Defendants' current local counsel will withdraw their motion when new local counsel files its notice of substitution of attorney.

5. The Court will not exclude Plaintiff's witnesses John Stavos and Anthony Wilson for late disclosure at this time.  This order is without prejudice to Defendants filing a motion *in limine* to exclude those witnesses at the appropriate juncture.

///

///

///

States Patent and Trademark Office.  *See* Dkt. # 47 at 6-9.  The issue of *Defendants'* senior use of the mark was raised in a single paragraph relating to the issue of the cancellation of the trademark registrations.  *See id.* at 10.  Defendants' trademark cancellation claims are a separate and distinct issue from non-infringement due to senior use.

ORDER – 2

1
2
3

        The Court is optimistic that the Parties will be prepared for trial by the new trial
date and does not anticipate entertaining any other request for a continuance.  The Court
believes that the Parties will have had ample time to prepare for trial by April 4, 2016.

4
5
6
7
8
9
10
11
12

        Finally, the Court received several voice mail messages from Julie Mazzuca on
behalf Plaintiff after the January 7, 2016 telephonic conference was held.  The Court does
not and will not respond to any *ex parte* communications from the Parties.  Moreover, the
Parties are instructed not to engage in any prohibited *ex parte* communications with the
Court.  *See Clark v. Glebe,* No. C10-5203RBL, 2010 WL 3583982, at *1 (W.D. Wash.
Sept. 9, 2010) ("Letters addressed to the clerk asking for legal advice and clarification of
a court order are inappropriate, ***as is any other form of ex-parte communication with the
court***") (emphasis added).

13

        DATED this 11th day of January, 2016.

14
15
16
17
18

_____
The Honorable Richard A. Jones
United States District Court

19
20
21
22
23
24
25
26
27
28

ORDER – 3